ORLANDO DEALMEIDA, Petitioner, v ARCENITO CABREIRO, Respondent.

City Court of Yonkers, February 20, 1989

APPEARANCES OF COUNSEL

*Ann M. McDonald* for respondent. *Andrew M. Romano* for petitioner.

## OPINION OF THE COURT

GILBERT RABIN, J.

Petitioner commenced this summary proceeding to recover possession of apartment 2S at 16 Locust Hill Avenue, Yonkers, New York. The petitioner served the respondent with a notice to cure dated October 13, 1988. The notice to cure informs the respondent that the wrongful act had to be cured by October 23, 1988 or the petitioner would elect to terminate the tenancy as of November 30, 1988. The instant proceeding is premised on an alleged holding-over. The petition states in part: "Tenant notified to remove on or before November 30, 1988, as per attached notice, but failed to do so."

The respondent moved for an order dismissing the petition on the ground that the notice to cure is legally insufficient. The notice of the wrongful act, which act the respondent was to cure by October 23, 1988 reads as follows: "You and your

children have, within the last six months (the exact dates and times being unknown to the landlord at this time) constantly permitted water from the bathroom sink, tub and faucets to overflow and cause water damage to the underlying tiles, floor and ceiling, which is a nuisance and substantial violation of your lease agreement, and substantially interferes with the comfort and safety of the landlord and other tenants, as pursuant to ETPA Sections 52 (a) and 52 (b)." The respondent asserts the notice to cure is merely conclusory and states no particulars as to the dates, times or nature of the alleged violations. The respondent further asserts that the use of the word "constant" to define the time of occurrence of the wrongful act is impermissible in a notice to cure or quit.

The nature of the alleged wrongful act is set forth in the notice; the overflow of water from the bathroom tub and sink. The time or times of occurrence is not specified. Asserting that the act occurred constantly within the last six months is no notice at all. A plain reading of the notice would lead one to believe that between April and October 1988, there was a continual flow of water from apartment 2S. An overflow of water which causes damage to the underlying tiles, floor and ceiling is a significant event which should be particularized as nearly as possible to the specific time of the event.

The regulations require as a condition precedent to maintaining an action to recover property that the requirements of 9 NYCRR 2504.1 (d) (1) be met. Absent an exception as set forth in section 2504.1 (d) (2), none of which have been asserted herein, the failure to comply with the requirements bars the maintenance of the action.

A notice to cure is not merely a necessary predicate to a certain eviction. The specification of the facts necessary to establish the existence of the wrongful act serves not only to allow a tenant to prepare a defense to the fact of the occurrence at a trial of the petition. The specification of the facts initially allows the tenant the opportunity to cure the wrongful act if in fact it occurred.

The provisions of section 2504.1 (d) (1) (ii) require, before an action may be commenced, that the tenant has failed to cure the wrongful act before the date specified. There is no assertion in the petition that the tenant allowed water to overflow between October 13, 1988 and December 6, 1988, the date the petition was verified. If water was not allowed to overflow, the condition was cured.

The notice to cure is defective in that the use of the terms "constantly" and "within the last six months" fails to sufficiently give notice of the facts necessary to establish the existence of a wrongful act. The requirement of section 2504.1 (d) (1) (i) (b) has not been satisfied. The petition is defective as it fails to set forth an averment that the respondent failed to cure the alleged wrongful act; section 2504.1 (d) (1) (ii) has not been satisfied.

The motion to dismiss the petition is granted. The court has considered the notice of motion to dismiss, the affirmation in opposition, the reply affirmation and the petition with attachments.